FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

2021 JAN -7  AM II: 39

| | | |
|---|---|---|
| SANTIAGO M. ARMINANA | ) | |
| | ) | |
| Plaintiff | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | Case No. 2.21-CV-17-FtM-29MRM |
| | ) | |
| LEE COUNTY, FLORIDA BOARD OF | ) | **Judge:** |
| COUNTY COMMISSIONERS, a political | ) | |
| subdivision of the State of Florida | ) | **Mag. Judge:** |
| | ) | |
| Defendant | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **SANTIAGO M. ARMINANA ("ARMINANA")**, and states the

following for his Complaint:

### CAUSES OF ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII), the

   Florida statutes section 440.205, the Florida Civil Rights Act of 1992 (FCRA) and 42

   U.S.C. §1981 for (**1**) National Origin Discrimination in violation of Title VII, (**2**)National

   Origin Discrimination in violation of the FCRA, (**3**)Racial/Ethnic Discrimination in

   violation of Title VII, (**4**) Racial/Ethnic Discrimination in violation of the FCRA, (**5**)

   Racial/Ethnic Discrimination in violation of 42 U.S.C. § 1981 via 42 U.S.C. § 1983, (**6**)

   Retaliation in violation of Title VII, (**7**) Retaliation in violation of the FCRA, and (**8**)

   Worker's Compensation Retaliation in violation of the Florida statutes section 440.205.

### PARTIES

2. The Plaintiff Prose, SANTIAGO M. ARMINANA (**"ARMINANA"**) is an individual

   and a resident of Florida who currently resides, and at all material times resides, in Lee

   County, Florida.

1

3. Defendant, LEE COUNTY, FLORIDA BOARD OF COUNTY COMMISSIONERS (**"COUNTY"**), is a governmental body created pursuant to the laws of the State of Florida and located within this judicial district. **COUNTY** is a person as intended by 42 U.S.C. § 1983 and is an employer under both Title VII, the FCRA, and the FWCA.

4. At all material times, based on the **COUNTY**'s website, the employer is greater than two thousand and five hundred (2,500) employees and did employ **ARMINANA**.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over **ARMINANA**'s state laws claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conduct business in, and some or all the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

8. **ARMINANA** received his Notice of Right to Sue from the United States Equal Employment Opportunity Commission ("EEOC") on October 14, 2020 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as "Exhibit A".)

## GENERAL ALLEGATIONS

9. **ARMINANA** is a member of protected classes as a male person of Hispanic race, a person of Cuban national origin.

10. **ARMINANA** was hired by **COUNTY** on or about March 6, 2019 as a fixed bus operator driver on a full-time basis.

2

11. **COUNTY** terminated **ARMINANA's** employment on July 8, 2019.

12. **ARMINANA** has always performed his assignment duties in a professional manner and was very well qualified for his position.

13. **ARMINANA** received good to very good performance reviews until July 2019.

14. During his employment period, **COUNTY**'s supervisors created a hostile work environment to **ARMINANA**.

15. **COUNTY**'s supervisors "selectively" subjected **ARMINANA** to disadvantaged conditions of employment, on the basis of his race/ethnicity and national origin than those outside of his protected classes.

16. **COUNTY**'s supervisors "selectively" subjected **ARMINANA** to greater surveillance, and scrutinizing his work performance, on the basis of his race/ethnicity and national origin than those outside of his protected classes.

17. **COUNTY**'s Fixed Senior supervisor 'Fred De Noon', repeatedly ridiculed **ARMINANA** with unwelcome,offensive,and abusive jokes because his *Spanish accent*[1]. **ARMINANA** objected and opposed to this kind of harassment.

18. On or July 2, 2019, **COUNTY**'s supervisor 'Fred De Noon' in presence of **COUNTY**'s business partner 'Rosanna Music', without following the normal application of County's disciplinary procedures, as stipulated on **COUNTY**'s Policy 601[2], selectively subjected **ARMINANA** to an arbitrary proposed corrective action, (one-day suspension without pay), after **ARMINANA** followed **COUNTY**'s management instructions[3].

---

[1]  Although **ARMINANA** primary language is Spanish; his accent did not affect his ability to do his job.

[2]  Lee **COUNTY**' policy 601: "*Corrective Action/Disciplinary Procedure*": The normal application of progressive discipline is a) *Verbal warning* b) *Written warning* c) *Suspension* d) *Termination*.

[3]  On or June 23, 2019, LeeTran **COUNTY**'s management, ignored **ARMINANA**'s claims that he was not being properly trained on route number 70-2-1, and directed him to perform the route with the assistance of the 'right-left text sheet', (*a printed sheet of paper that contains a route description, but due to its inaccuracy often must be corrected*). Most of the County's buses, if not all, do not have any accessory to hold the 'right-left text sheet' while the bus in in motion.

3

19. On or July 2,2019, **ARMINANA** responded in writing to the **COUNTY**'s notice of Proposed corrective action.

20. On or July 3, 2019, the **COUNTY**'s supervisor "Fred De Noon" in presence of the **COUNTY**'s business partner "Rosanna Music", and Department Director "Robert Codie", endorsed the **ARMINANA** one-day suspension without pay.

21. During the July 3, 2019's meeting, the **COUNTY** did not place **ARMINANA** on administrative leave with pay pending, nor was he subject to any termination process.

22. Base on the information received **ARMINANA** has been the only employee subjected to a disciplinary action, for following **COUNTY** management's instructions, in conformity with **COUNTY**'s policies 101:1(k)[4], and 101:2(e)[5].

23. **COUNTY** selectively subjected **ARMINANA** to an arbitrary disciplinary corrective action while allowed those outside of **ARMINANA**'s protected classes to commit serious violations of **COUNTY**'s policies without being disciplined, (*including but not limited to driving under the influence of alcohol*) [6].

24. **COUNTY** selectively subjected **ARMINANA** to an arbitrary disciplinary corrective action while allowed those outside of **ARMINANA**'s protected classes to enjoy greater concessions, including but not limited to, arrive at bus stops ahead or after the scheduled time, eating or drinking while driving (*e.g.* cup of coffee), driving buses with one hand, and carrying documents or completing paperwork while operating the bus.

---

[4] Lee **COUNTY**'s policy 101:1(k) Behavior of Employees. "*Employees Conduct*"
k) Following any proper & appropriate given instruction or assignment.

[5] Lee **COUNTY**'s policy 101:2(e) Behavior of Employees. "*Prohibited Conduct*"
e) Refusal by an employee to follow management's instructions concerning a job-related matter.

[6] On or April 24, 2019, **ARMINANA** communicated his supervisors, that 'Judith', (the bus driver-trainer assigned to train him on new routes), had a noticeable smell of alcohol and she was behaving erratically. Instead of proceeding with the substance alcohol test, or discipline her, as specified in COUNTY's policy 205, **COUNTY**'s supervisors relocated **ARMINANA** with another trainer.

25. On or July 3, 2019, **ARMINANA** filed in person a discrimination complaint with the **COUNTY**'s Human Resources Department Manager 'Shawn Fournier'. Following Mr. Fournier's request, on July 4, 2019, **ARMINANA** emailed him a copy of his response to the **COUNTY**'s corrective action's notice.

26. However, the **COUNTY** took no appropriate steps to investigate **ARMINANA**'s complaint at all.

27. Base on the information received, on July 8, 2019, some five days after **ARMINANA** filed his discrimination complaint with the **COUNTY**'s Human Resources Department Manager, the **COUNTY**'s business partner "Rosanna Music" sent an email to the County's deputy attorney "Andrea R. Fraser", and the Assistant County's Attorney "Mark Trank", containing misleading information to harm **ARMINANA's** employment.

28. Some five (5) days after filing his discrimination complaint with the **COUNTY**'s Human Resources Department Manager, on July 8, 2019, the **COUNTY** had taken no investigative action, but terminated **ARMINANA**'s employment.

29. The **COUNTY** in disregard of its Policy 601[7], terminated **ARMINANA's** employment without providing him with a Notice of Proposed Corrective Action form.

30. The **COUNTY** in disregard of its Policy 601 terminated **ARMINANA's** employment without giving him the opportunity to know under what charge(s) he had been terminated nor did they allow **ARMINANA** the opportunity to explain his version of the facts surrounding the alleged charge(s).

---

[7] Lee **COUNTY**'s policy 601 *"Termination"*.
The employee shall be notified in writing of the proposed termination using the Notice of Proposed Corrective Action form. The employee shall immediately be placed on administrative leave without pay, for at least twenty-four (24) hours and until the time of the meeting described below, allowing reasonable opportunity to review the notification of accusations/charge. Following the administrative leave, the employee's immediate supervisor and department/division director will hold a meeting, to give the employee an opportunity to explain his/her version of the facts surrounding the charges.

31. At the time he participated in the statutory protected activity, **ARMINANA** was not subject of any termination process, and thus his discrimination complaint did not occur after the Defendant's adverse employment termination against him.

32. The **COUNTY**'s actions are in retaliation for **ARMINANA**'s engaging in statutory protected activity.

33. The **COUNTY**'s actions have subjected **ARMINANA** to a hostile work environment, and the Defendant's actions altered the terms and conditions of **ARMINANA**'s employment.

34. The **COUNTY**'s actions are part of a policy or known practice to discriminate and/ or harass those within **ARMINANA**'s protected classes.

35. The **COUNTY**'s actions as to **ARMINANA** remain the same racial and national origin discrimination suffered by the plaintiff in *U.S. v. Lee County,* FLMD Case No.2:12-cv-67- FTM-29SPC (Doc. 50-1). Base on the information received, this case resulted in the **COUNTY** being subject to injunctive relief, being required to implement proper anti-harassment and discrimination policies, being required to properly train supervisory staff as to harassment and discrimination, pay each plaintiff the sum of $97, 500.00 and being required to retain all records relating to complaints or charges of employment discrimination based upon race or national origin.

36. The relief in *U.S. v. Lee County* was agreed to by the **COUNTY** on or about April 10, 2013, some seventh years after **ARMINANA**'s complaint, yet the **COUNTY** not only failed to properly investigate it, but it then retaliated against **ARMINANA** by terminating his employment.

37. The harassment, discrimination, and retaliation directed to **ARMINANA** is part of a pattern and practice of the **COUNTY.** According to the information received at least two

6

others Hispanic fixed bus operator drivers, of Cuban national origin, named "Yuri" and "Luis" were also terminated by the **COUNTY** in similar circumstances.

38. The **COUNTY** has violated Title VII, 42 U.S.C. § 1981, the Fla. Sta. section 440.205, the FCRA, and the Florida statutes section 440.205.

## CLAIMS FOR RELIEF

## COUNT I - VIOLATION OF TITLE VII, OF THE CIVIL RIGHTS ACT OF 1964, [*NATIONAL ORIGIN DISCRIMINATION*]

39. Plaintiff incorporates by reference Paragraphs 1-38 of this Complaint as though fully set forth below.

40. At all material times, **ARMINANA** was an employee and the **COUNTY** was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C. § 2000e.

41. In accordance with 42 U.S.C. § 2000e-2(a), the **COUNTY** was prohibited from:

   (1) fail[ing] or refuse[ing] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

   (2) limit[ing], segregate[ing], or classify[ing] his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individuals' race, color, religion, sex, or national origin.

42. **COUNTY** violated **ARMINANA**'s civil rights by subjecting him to unlawful national origin discrimination, as described above.

43. The herein described activities of the **COUNTY** constitutes a continuing series of related discriminatory acts and a systematic policy, pattern, and practice of discrimination by the **COUNTY** targeting **ARMINANA** based on **ARMINANA**'s membership in a protected class, his national origin.

7

44. As a direct and proximate result of the **COUNTY**'s actions, **ARMINANA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for health issues, mental and emotional distress, and other consequential damages.

45. **ARMINANA** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff request trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all acts of national origin discrimination,

ii.     Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above,

iii.    Reimbursement of all expenses and financial losses the Plaintiff has incurred as a result of Defendant's actions,

iv.     Front pay, including raises, benefits, insurance cost, and retirement benefits,

v.      Back pay and all other benefits, perquisites, and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary, and bonuses,

vi.     Compensatory damages in an amount to be determined at trial to compensate **ARMINANA** for depression, humiliation, anguish, emotional distress, and health issues, caused by the Defendant's conduct,

vii.    Punitive damages in an amount to be determined at trial, to punish the Defendant's willfully, malicious or reckless act of discrimination, and

viii.   Such other relief as this Court shall deem appropriate.

## COUNT II- VIOLATION OF FCRA. [*NATIONAL ORIGIN DISCRIMINATION*]

46. Plaintiff incorporates by reference Paragraphs 1-38 of this Complaint as though fully set forth below.

47. At all material times, **ARMINANA** was an employee and the **COUNTY** was his employer covered by and within the meaning of FCRA.

48. In accordance with the FCRA, the **COUNTY** was prohibited from:

> (3) Secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health and general welfare, and promote the interest, rights, and privileges of individuals within the state.

49. **COUNTY** violated **ARMINANA**'s civil rights by subjecting him to unlawful national origin discrimination, as described above.

50. The herein described activities of the **COUNTY** constitutes a continuing series of related discriminatory acts and a systematic policy, pattern, and practice of discrimination by the **COUNTY** targeting **ARMINANA** based on **ARMINANA**'s membership in a protected class, his national origin.

51. As a direct and proximate result of the **COUNTY**'s actions, **ARMINANA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for health issues, mental and emotional distress, and other consequential damages.

52. **ARMINANA** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff request trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all acts of national origin discrimination,

9

ii.    Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above,

iii.    Back pay and all other benefits, perquisites, and other compensation for employment which Plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary, and bonuses.

iv.    Front pay, including raises, benefits, insurance cost, and retirement benefits,

v.    Reimbursement of all expenses and financial losses the Plaintiff has incurred as a result of Defendant's actions,

vi.    Compensatory damages in an amount to be determined at trial to compensate **ARMINANA** for depression, humiliation, anguish, emotional distress, and health issues, caused by the Defendant's conduct,

vii.    Punitive damages in an amount to be determined at trial, to punish the Defendant's willfully, malicious or reckless act of discrimination, and

viii.    Such other relief as this Court shall deem appropriate.

## COUNT III- VIOLATION OF TITLE VII, OF THE CIVIL RIGHTS ACT OF 1964, [*RACIAL/ETHNIC DISCRIMINATION*]

53. Plaintiff incorporates by reference Paragraphs 1-38 of this Complaint as though fully set forth below.

54. At all material times, **ARMINANA** was an employee and the **COUNTY** was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C. § 2000e.

55. In accordance with 42 U.S.C. § 2000e-2(a), the **COUNTY** was prohibited from:

(1) fail[ing] or refuse[ing] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

10

(2) limit[ing], segregate[ing], or classify[ing] his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individuals' race, color, religion, sex, or national origin.

56. **COUNTY** violated **ARMINANA**'s civil rights by subjecting him to unlawful racial/ ethnic discrimination, as described above.

57. The herein described activities of the **COUNTY** constitutes a continuing series of related discriminatory acts and a systematic policy, pattern, and practice of discrimination by the **COUNTY** targeting **ARMINANA** based on **ARMINANA**'s membership in a protected class, his race.

58. As a direct and proximate result of the **COUNTY**'s actions, **ARMINANA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for health issues, mental and emotional distress, and other consequential damages.

59. **ARMINANA** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff request trial by jury of all issues so triable as of right, and:

i.    Injunctive relief directing Defendant to cease and desist from all acts of race/ ethnic discrimination,

ii.   Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above,

iii.  Front pay, including raises, benefits, insurance cost, benefits costs, and retirement benefits,

iv.   Back pay and all other benefits, perquisites, and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary, and bonuses,

11

v.    Reimbursement of all expenses and financial losses the Plaintiff has incurred as a result of Defendant's actions,

vi.    Compensatory damages in an amount to be determined at trial to compensate **ARMINANA** for depression, humiliation, anguish, emotional distress, and health issues, caused by the Defendant's conduct,

vii.    Punitive damages in an amount to be determined at trial, to punish the Defendant's willfully, malicious or reckless act of discrimination, and

viii.    Such other relief as this Court shall deem appropriate.

**COUNT IV- VIOLATION OF FCRA. [*RACIAL/ETHNIC DISCRIMINATION*]**

60. Plaintiff incorporates by reference Paragraphs 1-38 of this Complaint as though fully set forth below.

61. At all material times, **ARMINANA** was an employee and the **COUNTY** was his employer covered by and within the meaning of FCRA.

62. In accordance with the FCRA. the **COUNTY** was prohibited from:

(2) Secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and promote the interest, rights, and privileges of individuals within the state.

63. **COUNTY** violated **ARMINANA**'s civil rights by subjecting him to unlawful racial/ethnic discrimination, as described above.

64. The herein described activities of the **COUNTY** constitutes a continuing series of related discriminatory acts and a systematic policy, pattern, and practice of discrimination by the **COUNTY** targeting **ARMINANA** based on **ARMINANA**'s membership in a protected class, his race/ethnicity.

12

65. The actions of the **COUNTY** in intentionally engaging in and condoning racial harassment and discrimination against **ARMINANA** has caused **ARMINANA** numerous damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, degradation, health issues, physical and emotional pain, inconvenience, and other consequential damages.

66. **ARMINANA** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff request trial by jury of all issues so triable as of right, and:

i.   Injunctive relief directing Defendant to cease and desist from all acts of race/ ethnic discrimination,

ii.   Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above,

iii.   Back pay and all other benefits, perquisites, and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses,

iv.   Front pay, including raises, benefits, insurance cost, benefits costs, and retirement benefits,

v.   Reimbursement of all expenses and financial losses the Plaintiff has incurred as a result of Defendant's actions,

vi.   Compensatory damages in an amount to be determined at trial to compensate **ARMINANA** for depression, humiliation, anguish, emotional distress, and health issues, caused by the Defendant's conduct,

vii.   Punitive damages in an amount to be determined at trial, to punish the Defendant's willfully, malicious or reckless act of discrimination, and

viii.   Such other relief as this Court shall deem appropriate.

## COUNT V- VIOLATION OF 42 U.S.C. § 1981 VIA U.S.C. § 1983

67. Plaintiff incorporates by reference Paragraphs 1-38 of this Complaint as though fully set forth below.

68. **ARMINANA**, by virtue of his race/ethnicity, Hispanic, is a member of a protected class.

69. At all material times, **ARMINANA** was an employee and the **COUNTY** was the public employer of **ARMINANA.**

70. The **COUNTY**, acting under the state law, engaged in unlawful employment practices prohibited by § 1981 by creating, condoning, and perpetuating a discriminatory and hostile work environment and interfering with **ARMINANA's** contractual rights because of his race/ethnicity.

71. The Defendants engaged in unlawful employment practices prohibited by § 1981 by creating, condoning, and perpetuating a discriminatory and hostile work environment and interfering with **ARMINANA's** contractual rights because **ARMINANA** was treated less favorably than similarly situated employees outside **ARMINANA's** protected class.

72. **COUNTY** acted with malice and reckless disregard for **ARMINANA'** rights under §1981

73. Supervisory personnel of the **COUNTY** intentionally subjected **ARMINANA** to unequal and discriminatory treatment by creating, a hostile and abusive work environment that altered the conditions of **ARMINANA's** employment.

74. At all material times, the **COUNTY's** personnel had the authority to affect, indirectly or directly, the terms and conditions of **ARMINANA's** employment.

75. At all material times, the **COUNTY's** personnel acted under the color of state law as they acted with authority possessed by virtue o their employment with the state and had the authority to affect, indirectly or directly, the terms and conditions of **ARMINANA's** employment.

14

76. The **COUNTY**'s personnel intentionally subjected **ARMINANA** to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of his employment and by knowingly failing and refusing to protect **ARMINANA**, from those hostile and abusive conditions.

77. The **COUNTY**'s actions reflect the policy, custom, or pattern of official conduct of engaging in and condoning harassment and discrimination:

    a.  The **COUNTY**'s employees intentionally subjected **ARMINANA** to unequal and discriminatory treatment by engaging in persistent acts of unwelcome and offensive racial/ethnic discrimination and harassment of **ARMINANA**,

    b.  Supervisors and employees of the **COUNTY** treated **ARMINANA** in a degrading, offensive and discriminatory manner because of his membership in protected classes, and the **COUNTY** refused to take corrective actions,

    c.  **ARMINANA** was subject to a discriminatory and hostile work environment because of his such membership, and the **COUNTY** failed and refused to take corrective actions.

78. The actions of the **COUNTY**'s were intentional, willful, and malicious and/ or in deliberated indifference of **ARMINANA**'s clearly established legal rights as secured by 42 U.S.C. § 1981 and the civil rights Act of 1991.

79. The **COUNTY** could not have believed doing nothing was lawful in light of the clearly established law that racial harassment and discrimination was an infringement of legal rights.

80. The actions of the **COUNTY** in intentionally engaging in and condoning racial harassment and discrimination against **ARMINANA** has caused **ARMINANA** great

mental anguish, humiliation, degradation, health issues, physical and emotional pain and suffering, inconvenience, lost wages, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

i.   All wages and benefits **ARMINANA** would have received but for the discrimination, including pre-judgment interest,

ii.  A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained herein,

iii. The Court retains jurisdiction of this case until such time as it is assured that the Defendants has remedied the policies and practices complained of herein and are determined to be in full compliance with the law,

iv.  A declaratory judgment that the Defendant actions violate federal law, and the Fourteen Amendment to the United States Constitution,

v.   A permanent injunction requiring that the Defendant adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. 1981, and further requiring that the Defendants adopt and initiate effective remedial actions to ensure equal treatment of all employees and subordinates

vi.  Compensatory damages in an amount to be determined at trial to compensate **ARMINANA** for depression, humiliation, anguish, emotional distress, and health issues, caused by the Defendant's conduct,

vii. Punitive damages in an amount to be determined at trial, to punish the Defendant's willfully, malicious or reckless act of discrimination,

viii. Such other relief as this Court shall deem appropriate.

16

## COUNT VI- VIOLATION OF TITLE VII. [ *RETALIATION*]

81. Plaintiff incorporates by reference Paragraphs 1-38 of this Complaint as though fully set forth below.

82. **ARMINANA**, is a member of a protected class, as a male, Hispanic person of Cuban national origin.

83. At all material times, **ARMINANA** was an employee and the **COUNTY** was his employer covered by and within the meaning of Title VII.

84. **ARMINANA** was qualified for the position that he held with **COUNTY**.

85. Following **ARMINANA**'s verbal and written objections to harassment and discrimination **COUNTY** retaliated by altering the terms and conditions of his employment.

86. **ARMINANA** complained to **COUNTY** about racial/ethnic and national origin harassment and discrimination, and **COUNTY** clearly observed **ARMINANA**'s growing discomfort concerning the same.

87. **ARMINANA**'s complaints constitute a protected class activity because his complaints were concerning an unlawful activity of **COUNTY**.

88. Said protected activity was the proximate cause of **COUNTY**'s negative employment actions against **ARMINANA** including employment termination.

89. Instead of correcting the harassment, discrimination and take appropriate remedial actions, **COUNTY** turned a blind eye to the unlawful activities and retaliated against **ARMINANA** via employment termination.

90. The acts, failures to act, practices, and policies of **COUNTY** set forth above constitute retaliation in violation of Title VII.

17

91. As a direct and proximate result of the violations of Title VII, as referenced and cited herein, **ARMINANA** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his carrier path.

92. As a direct and proximate result of the violations of Title VII, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetuated against him **ARMINANA is** entitled to all relief necessary to make him whole as provided for under Title VII.

93. As a direct and proximate result of **COUNTY**'s actions, **ARMINANA** has suffered damages, including but not limited to, a loss of employment, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for health problems, mental and emotional distress, and other consequential damages.

94. **ARMINANA** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff request trial by jury of all issues so triable as of right, and:

i.  Injunctive relief directing Defendant to cease and desist from all Retaliation against employees who engage in statutorily protected acts,

ii. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above,

iii. Back pay and all other benefits, perquisites, and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses,

iv. Front pay, including raises, insurance cost, benefits costs, and retirement benefits,

v.  Reimbursement of all expenses and financial losses the Plaintiff has incurred as a result of Defendant's actions,

vi.     Compensatory damages in an amount to be determined at trial to compensate **ARMINANA** for depression, humiliation, anguish, emotional distress, and health issues, caused by the Defendant's conduct,

vii.    Punitive damages in an amount to be determined at trial, to punish the Defendant's willfully, malicious or reckless act of discrimination, and

viii.   Such other relief as this Court shall deem appropriate.

## COUNT VII- VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992. (FRCA). [*RETALIATION*]

95. Plaintiff incorporates by reference Paragraphs 1-38 of this Complaint as though fully set forth below.

96. **ARMINANA**, is a member of a protected class, as a male, Hispanic person of Cuban national origin.

97. At all material times, **ARMINANA** was an employee and the **COUNTY** was his employer covered by and within the meaning of the FCRA.

98. **ARMINANA** was qualified for the position that he held with **COUNTY**.

99. Following **ARMINANA's** verbal and written objections to harassment and discrimination **COUNTY** retaliated by altering the terms and conditions of his employment.

100. **ARMINANA** complained to **COUNTY** about racial/ethnic and national origin harassment, and discrimination, and **COUNTY** clearly observed **ARMINANA's** growing discomfort concerning the same.

101. **ARMINANA's** complaints constitute a protected class activity because his complaints were concerning an unlawful activity of **COUNTY**.

102. Said protected activity was the proximate cause of **COUNTY's** negative employment actions against **ARMINANA** including employment termination.

19

103. Instead of correcting the harassment and take appropriate remedial actions, **COUNTY** turned a blind eye to the unlawful activities and retaliated against **ARMINANA** via changed discipline and employment termination.

104. The acts, failures to act, practices, and policies of **COUNTY** set forth above constitute retaliation in violation of the FCRA.

105. As a direct and proximate result of the violations of FCRA, as referenced and cited herein, **ARMINANA** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his carrier path.

106. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **ARMINANA** is entitled to all relief necessary to make him whole as provided for under the FRCA.

107. As a direct and proximate result of **COUNTY**'s actions, **ARMINANA** has suffered damages, including but not limited to, a loss of employment, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for health issues, mental and emotional distress, and other consequential damages.

108. **ARMINANA** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff request trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all Retaliation against employees who engage in statutorily protected acts,

ii. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above,

20

ix. Front pay, including raises, insurance cost, benefits costs, and retirement benefits,

iii. Back pay and all other benefits, perquisites, and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses,

iv. Compensatory damages in an amount to be determined at trial to compensate **ARMINANA** for depression, humiliation, anguish, emotional distress, and health issues, caused by the Defendant's conduct,

v. Reimbursement of all expenses and financial losses the Plaintiff has incurred as a result of Defendant's actions,

vi. Punitive damages in an amount to be determined at trial, to punish the Defendant's willfully, malicious or reckless act of discrimination, and

vii. Such other relief as this Court shall deem appropriate

## COUNT VIII – VIOLATION OF THE FLORIDA WORKER COMPENSATION ACT (FWCA)-SECTION 440-205. [*WORKER'S COMPENSATION RETALIATION*]

109. Plaintiff incorporates by reference Paragraphs 1-38 of this Complaint as though fully set forth below.

110. At all material times, **ARMINANA** was an employee and the **COUNTY** was his employer covered by and within the meaning of the Fla. Sta. 440-205.

111. In accordance with section 440-205, Florida Statutes (1979). the **COUNTY** was prohibited from:

> "No employer shall discharge, threaten to discharge, intimidate or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Worker's Compensation Law."

112. On May 28, 2019, after **ARMINANA** satisfactorily completed his assigned route and while he was at a complete stop waiting for the traffic light to turn green, an uninsured

21

driver collided with the rear of the County's 2013 Ford minivan, license plate number: "TD 4218". **ARMINANA** was the only person inside of the vehicle.

113. After calling 911, and **COUNTY**'s supervisors, **ARMINANA** filed the **COUNTY**'s Incident Report and the Employee Injury/ Illness Claim for Worker's Compensation.

114. On May 28, 2019, **ARMINANA** went to Lee Health's Convenient Care. The physician limited **ARMINANA** daily activities, and prescribed nonsteroidal anti-inflammatory drugs

115. On or May 29, 2019, the **COUNTY**'s supervisor 'Fred De Noon' intimidated **ARMINANA** with losing his employment, after informing him that he could not be out of the driver's position for long period of time, since "he had been hired to drive buses".

116. Fearing about losing his job, on May 31, 2019, **ARMINANA** communicated the situation to the physician and implored her to authorize him return to the driver position. The physician accepted but directed **ARMINANA** to Physical/ Occupational therapies or comparable physical Rehabilitation; she also prescribed additional medications.

117. Although **ARMINANA** had not been recovered from his injuries, he never was absent from his job, complied with all **COUNTY** management's instructions, and completed all his assignments.

118. On or June 27, 2019, **ARMINANA** visited the Radiological Medical Center to have an MRI. **ARMINANA**'s right shoulder MRI revealed: "(a) rotator cuff tendinopathy/ partial thickness tearing, (b) hypertrophic changes in the acromioclavicular joint, (c) subacromial subdeltoid bursal fluid peritendinous inflammation, (d) glenohumeral joint effusion and (e) biceps tendinopathy". **ARMINANA**'s lower back MRI revealed: "degenerative disk disease and facet arthropathy", and the cervical MRI revealed "multilevel degenerative disc disease and facet arthropathy, most severe at C3-4".

119.  Some five (5) days after **COUNTY** received the MRI's report, and approximately five (5) weeks after **ARMINANA** filed the Employee Injury/ Illness Claim for Worker's Compensation, the **COUNTY** suspended **ARMINANA** for one-day without pay, without following the normal application of County's disciplinary procedures. (*See* "¶" 18)

120.  Some five (5) weeks after **ARMINANA** filed the Employee Injury/ Illness Claim for Worker's Compensation, the **COUNTY** terminated **ARMINANA** from his employment., without following the **COUNTY**'s policy 601. (*See* "¶" 29).

121.  Not content with **ARMINANA**'s employment termination, and with the intention to harm **ARMINANA**'s credibility, the **COUNTY**'s carrier in bad faith provided misleading information to healthcare providers, related to an "alleged subsequent traffic accident happened on June 21, 2019", in which **ARMINANA** never participated.

122.  Far from helping **ARMINANA** to successfully rehabilitate from his work-related injuries, the **COUNTY**'s carrier arbitrarily: **(A)** canceled **ARMINANA** scheduled appointments with the orthopedic surgeon ("*Dr. Bynum*"); **(B)** delayed **ARMINANA**'s Physical Rehabilitation/ Occupational Rehabilitation therapies. (*Plaintiff first lower back therapy treatment was authorized approximately eighteen (18) months after the accident*); and **(C)** denied medically necessary prescribed tests and medications, (*e.g. EMG and NCV tests, Lidocaine patches*).

123.  Base on the information received from the County Sherriff's Department, the **COUNTY**'s supervisor requested the deputy who went to the scene of the accident on May 28, 2019, to delay or not complete the traffic crash report[8].

---

[8]  After approximately fourteen (14) days, and after the plaintiff contacted the Lee County's Sheriff supervisors, the crash traffic report was redacted by the deputy.

124. The acts, failures to act, and practices of **COUNTY** set forth above constitute retaliation in violation of the Florida Worker Compensation Act, Section 440-205.

125. **ARMINANA**'s worker compensation claim was protected under Federal and State Worker's Compensation laws.

126. Said worker compensation claim was also the proximate cause of **COUNTY**'s negative employment actions against **ARMINANA** including employment termination.

127. As a direct and proximate result of the violations of FWCA, as referenced and cited herein, **ARMINANA** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his carrier path.

128. As a direct and proximate result of **COUNTY**'s actions, **ARMINANA** has suffered damages, including but not limited to, a loss of employment, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for health issues, mental and emotional distress, and other consequential damages.

129. As a direct and proximate result of the violations of FWCA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetuated against him **ARMINANA** is entitled to all relief necessary to make him whole as provided for under FWCA.

130. **ARMINANA** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff request trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all Retaliation against employees who engage in statutory protected Worker Compensation Act,

ii. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above,

24

iii.   Compensatory damages in an amount to be determined at trial to compensate **ARMINANA** lost past and future wages, bonuses and fringe benefits, plus interest, including raises, benefits costs, insurance cost, retirement benefits, humiliation, depression, anguish, emotional distress, and other health issues, caused by the Defendant's conduct,

iv.   Reimbursement of all expenses and financial losses the Plaintiff has incurred as a result of Defendant's actions,

v.   Punitive damages in an amount to be determined at trial, to punish the Defendant's willfully, malicious or reckless act of discrimination, and

vi.   Such other relief as this Court shall deem appropriate.

## **CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being present for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, and (4) the complaint otherwise complies with the requirements of Rule 11.

## **DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **SANTIAGO M. ARMINANA**, (*pro se*), and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of rights by a jury in this action.

Respectfully Submitted,

Dated: 01/07/2021

Santiago M. Arminana
426 NW 1st Ave.
Cape Coral. Florida. 33993
Telephone: (239)362-6952
santyarm09@gmail.com

26