UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTIAGO M. ARMINANA,

    Plaintiff,

v.                                          Case No. 2:21-cv-17-JES-NPM

LEE COUNTY, FLORIDA BOARD OF
COUNTY COMMISSIONERS,

    Defendant.

## ORDER

Before the Court is Plaintiff's Unopposed Motion for Exemption from Payment of the Pacer User Fee (Doc. 25). Pro se Plaintiff Santiago M. Arminana requests an exemption from payment of the Public Access to Court Electronic Records ("PACER") system. The Court allowed him to proceed in forma pauperis in this action. (Doc. 7). Arminana requests an exemption from payment of PACER fees to avoid an unreasonable burden on him, to promote public access to information, and to access judicial opinions.[1] The Court finds Arminana has demonstrated that an exemption is appropriate in order to avoid unreasonable

---

[1] The Court notes that the Electronic Public Access Fee Schedule has no fee for access to judicial opinions. https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule.

burdens and to promote public access to information, and therefore will exempt Arminana from payment of PACER fees with conditions.

Accordingly, the Unopposed Motion for Exemption from Payment of PACER User Fee (Doc. 25) is **GRANTED**, with the following conditions:

(1) The exemption granted is expressly limited to Arminana's access to the electronic records contained in this case, *Arminana v. Lee Cnty., Fla. Bd. of Cnty. Comm'rs*, No. 2:21-cv-17-JES-NPM, and any other cases against Lee County Board of County Commissioners in the Middle District of Florida. Arminana is cautioned that his use of this exemption and the PACER system to access electronically stored data, information, and documents in anything other than this case and any other cases against Lee County Board of County Commissioners in the Middle District of Florida will result in the immediate revocation of this exemption.

(2) Arminana shall not sell the data obtained as a result of the exemption, and he must not transfer any data from PACER to any person or entity, unless expressly authorized by the Court.

(3) Arminana's exemption shall terminate upon the entry of a final judgment in this case, *Arminana v. Lee Cnty, Fla. Bd. of Cnty. Comm'rs*, No. 2:21-cv-17-JES-NPM.

(4) This exemption may be revoked at the Court's discretion.

(5) The Clerk of Court is directed to assist Arminana with the implementation of this exemption under the conditions stated.

**DONE** and **ORDERED** in Fort Myers, Florida on May 11, 2021.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE